# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COLUMBUS ALLEN, JR II,

Plaintiff,

v.

ADAM CHRISTIANSON, et al.,

Defendants.

_______________________________________/

CASE NO. 1:09-cv-00930 AWI DLB PC

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT CHEUNG WITHIN THIRTY DAYS

(Doc. 1)

## Screening Order

## I. Screening Requirement

Plaintiff Columbus Allen Jr. II ("Plaintiff") is a pretrial detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. Plaintiff filed this action on May 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Summary of Plaintiff's Complaint

Plaintiff is a pretrial detainee being held at the Stanislaus County Jail in Modesto, California, where the events giving rise to this action allegedly occurred. Plaintiff names approximately forty defendants in this action, and seeks money damages and equitable relief.

### A. Dental Care

Plaintiff alleges that he was received into Stanislaus County Men's Jail ("Jail") on February 17, 2006. Plaintiff contends that he was not provided with a dental exam or assessment upon his reception to screen and assess dental problems. Plaintiff complains that pursuant to Jail practices, policies and procedures employed by Defendants Stanislaus County Sheriff's Department, Sheriff Christianson, Policy Manager Leguria and Stanislaus County ("County"), only emergency dental care is provided to inmates.

Plaintiff states that on July 13, 2008 he requested dental services after dislodging a partial filling on tooth #19. Plaintiff states that defendant Dr. Cheung scheduled to have the tooth refilled on August 9, 2008. On that day however, defendant Dr. Cheung decided against filling the tooth, citing to the Jail practice, policy and procedure, and offered instead to perform an extraction, which Plaintiff refused. Plaintiff states that he suffered from extreme pain as a result. After a further request to have the tooth filled was denied, Plaintiff consented to an extraction and the procedure was scheduled for September 27, 2008. On September 27, 2008, Plaintiff contends that defendant

Cheung failed to perform the procedure because Plaintiff refused to disclose the date he would be leaving custody. Defendant Cheung then x-rayed Plaintiff tooth #4 in response to Plaintiff's complaint of pain in that area.

Plaintiff then filed a grievance to which defendant Sgt. Radza responded by stating that basic medical services would be provided and that Plaintiff had the option of seeking an outside dentist at his own expense. Plaintiff then submitted a second grievance, to which defendant Commander Lloyd responded by stating that Plaintiff would see the dentist on October 4, 2008.

On October 4, 2008, defendant Cheung filled Plaintiff's cavity on tooth #5. However, defendant Cheung refused to extract the tooth #19, stating that the procedure would be "grievious" and that the tooth was "prime" for a root canal or crown.

As some point Plaintiff was informed that an air compressor required to perform the extraction was faulty and the extraction could not be performed. Plaintiff states that his tooth was finally extracted on January 3, 2009. Plaintiff states that from July 13, 2008 to December 30, 2008 he was provided with minimal pain medication.

Although the rights of pre-trial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Prisoners are entitled to adequate dental care. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989). However, to rise to the level of cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations that he was not provided with a dental exam or assessment upon his reception to screen and assess dental problems, and that his tooth should simply have been refilled rather than extracted, do not rise to the level of a constitutional violation. The fact that the Jail may have a practice, policy or procedure of not providing initial screenings, and also a practice, policy or procedure under which Plaintiff's tooth was to extracted rather than refilled, does not constitute a deprivation of the 'minimal civilized measure of life's necessities." Toguchi, 391 F.3d at 1057. Plaintiff's claim against Defendants Stanislaus County Sheriff's Department, Sheriff Christianson, Policy Manager Leguria and the County fails.

With respect to Plaintiff's allegations that the dental care for tooth #19 was delayed from July 13, 2008 to December 30, 2008, Plaintiff, by his own admission, states that he did not agree to the extraction until September 24, 2008. Thus, Plaintiff cannot state a claim alleging a delay in treatment accruing prior to the date Plaintiff consented to the extraction.

Plaintiff indicates that he next saw Defendant Cheung on September 27, 2008. Until the extraction was performed on January 3, 2009, Plaintiff states that Defendant Cheung provided multiple reasons why an extraction could not or should not be performed. Based on Plaintiff's allegations that Defendant Cheung was aware of Plaintiff's ongoing requests for treatment for his tooth and his failure to provide any care or treatment, Plaintiff states a claim for violation of the Fourteenth Amendment against defendant Cheung for the delay in Plaintiff's dental care, from September 27, 2008 to January 3, 2009. Fed. R. Civ. P. 8(a).

However, Plaintiff fails to state a claim against any of the other defendants regarding his allegations of inadequate dental care. At the outset, Plaintiff is informed that "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's allegation that Defendant Radza improperly responded to his inmate grievance filed September 30, 2008 by informing Plaintiff that only emergency dental services were provided and that Plaintiff had the option of contacting an outside dentist, does not support a claim against him/her. Responding to an inmate grievance does not provide a basis for liability and Plaintiff has not sufficiently demonstrated that defendant Radza "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

Plaintiff also fails to state a claim against defendant Lloyd. Plaintiff's allegations that Defendant Lloyd responded to another of Plaintiff's grievances, filed at the end of September 2008, by stating that Plaintiff would see the dentist on October 4, 2008, is inconsistent with an allegation that Defendant Lloyd acted with deliberate indifference to any risk of serious harm to Plaintiff. Plaintiff's further allegation that Defendant Lloyd misled Plaintiff by wrongly informing him of the date the extraction would take place, is also insufficient to state a claim. These allegations fails to demonstrate that Defendant Lloyd"[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Id.

Plaintiff's allegation that Defendants Mott and Maudlin secretly monitored Plaintiff's eating habits as part of their investigation into Plaintiff's grievances does not state a claim against them. Id. Likewise, Plaintiff's allegations that Defendants Killgore and Duncan ignored Plaintiff's grievances concerning the faulty air compressor, without more, does not state a claim for relief. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Finally, Plaintiff's complaint also contains generalized allegations that all defendants have, for example, acted with deliberate indifference to his serious medical needs and have enacted practices, policies and procedures that are ineffective in delivering medical treatment that conforms with

constitutional requirements. As the Court previously indicated, Plaintiff has named approximately forty defendants in this action, most of whom appear to have no involvement in Plaintiff's medical/dental care, or in the delivery of medical/dental services at the Jail to inmates. Generalized allegations do not provide fair notice to the defendants as to the claims alleged against them and the bases for those claims, and therefore are insufficient to state a claim. Swierkiewicz, 534 U.S. at 512. Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). For example, if Plaintiff wishes to state a claim based on a constitutionally deficient policy, Plaintiff must allege facts indicating which defendant was responsible for promulgating such a policy.[1]

Further, the Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In conclusion, Plaintiff states only a viable Fourteenth Amendment claim concerning his dental care against defendant Cheung.

**B. Federal Rule of Civil Procedure 18(a)**

Plaintiff has also alleged racial discrimination and denial of due process regarding his initial placement in a safety cell/rubber room, his subsequent placement in solitary confinement/punitive segregation, as well as claims alleging denial of outdoor exercise and denial of due process relating

[1] Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

to a disciplinary hearing.

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

At this juncture, Plaintiff states only a claim for violation of the Fourteenth Amendment against defendant Cheung for the delay in Plaintiff's dental care. Upon review, the other claims alleged in Plaintiff's complaint, labeled Counts II - VI, are unrelated to Plaintiff's claim concerning his dental care and involve different defendants. Accordingly, Plaintiff is in violation of Rule 18(a).

## III. Conclusion and Order

With respect to his claim alleging inadequate dental care, Plaintiff's complaint states a claim against Defendant Cheung for violation of the Fourteenth Amendment. However, Plaintiff's allegations do not support a claim against Defendants Stanislaus County Sheriff's Department, Sheriff Christianson, Policy Manager Leguria, the County, Radza, Lloyd, Mott, Maudlin, Killgore, Duncan, or any other named defendant.

Furthermore, at this juncture, Plaintiff may not proceed with his other claims labeled as Counts II through VI in this action. Fed. R. Civ. P. 18(a).

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

against Defendant Cheung, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for violation of Rule 18(a), and the other defendants dismissed from the action. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Cheung.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff is further cautioned that he may not proceed with unrelated claims against different defendants in a single action, George, 507 F.3d at 607, Fed. R. Civ. P. 18(a), and any claims not in compliance may be dismissed without prejudice.

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

///

///

///

///

b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Cheung; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:** **November 12, 2009**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE