1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   COLUMBUS ALLEN JR. II,                    )   Case No.: 1:09-cv-00930 AWI JLT
                                               )
12                  Plaintiff,                 )   FINDINGS AND RECOMMENDATION TO
                                               )   DISMISS FIRST AMENDED COMPLAINT
13                                             )   WITHOUT LEAVE TO AMEND
           v.                                  )
14                                             )   (Doc. 15)
                                               )
15   ADAM CHRISTIANSON, et al,                 )
                                               )
16                                             )
                    Defendants.                )
17   _____)

18

19         Columbus Allen Jr. II ("Plaintiff") is a pre-trial detainee proceeding *pro se* and *in forma*

20   *pauperis* in this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985(3)

21   and 42 U.S.C. § 1986.  Plaintiff filed this action on May 28, 2009.  (Doc. 1).  The Court reviewed

22   Plaintiff's Complaint, and issued its Order on November 13, 2009.  (Doc. 11).  Plaintiff was

23   instructed to either file an amended complaint or notify the Court of his willingness to proceed only

24   on the cognizable claim articulated by the Court in its Order.  Id. at 8-9.  In addition, Plaintiff was

25   informed that an amended complaint would superceded the original complaint.  Id. at 8.  Plaintiff

26   chose to file his Amended Complaint on January 12, 2010.  (Doc. 15).  Therefore, the Amended

27   Complaint is now before the Court for screening.

28   ///

1

## I.  Screening Requirement

When a detainee or prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims."  28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or that portion of the complaint, that is "frivolous, malicious or fails to state a claim upon which relief may be granted; or… seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines whether the claims are pled in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915).

## II.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and… a demand for the relief sought, which may include relief in the alternative or different types  of relief." Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation].  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation].  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S.Ct. at 1949.  When the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  Id.  If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.  § 1983 Claims**

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred."  Albright v. Oliver, 510 U.S. 266, 271 (1994).  In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983.  To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law.  West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).  In addition, a plaintiff must allege that he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act,

3

1    participates in another's affirmative acts, or omits to perform an act which he is legally required to

2    do so that it causes the deprivation of which complaint is made").  As with other complaints,

3    conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983.

4    Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

5    **IV.   Discussion and Analysis**

6       Plaintiff alleges over twenty defendants caused violations of his rights arising under the Fifth

7    and Fourteenth Amendments to the Constitution, and 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986

8    (Doc 15 at 2).  Specifically, Plaintiff's Amended Complaint raises allegations of inadequate dental

9    care, racial discrimination, denial of due process regarding his classification status, and denial of

10    outdoor exercise.

11       A.   Fifth Amendment Due Process

12       Plaintiff alleges a due process violation under the Fifth Amendment.  However, the Fifth

13    Amendment applies only to actions by the federal government.  Rank v. Nimmo, 677 F.2d 692, 701

14    (9th Cir. 1982).  There must be a "significantly close nexus" between the federal government and the

15    actor for the Fifth Amendment to apply to non-federal entities.  Id.  Therefore, Plaintiff cannot make

16    a cognizable claim against the defendants on Fifth Amendment grounds.

17       B.   Status of Plaintiff as a Pre-trial Detainee

18       Plaintiff was a pre-trial detainee at the time of the events occurred that form the basis of his

19    complaint.  (Doc. 15 at 3).  Therefore, the proper analysis would be under "the more protective

20    substantive due process standard" of the Fourteenth Amendment rather than the Eighth Amendment.

21    Jones v. Blanas, 393 F.3d 918, 931-33 (9th Cir. 2004); see also Bell v. Wolfish, 441 U.S. 520, 535 n.

22    26 ("Eighth Amendment Scrutiny is appropriate only after the State has complied with the

23    constitutional guarantees traditionally associated with criminal prosecutions."); Gibson v. County of

24    Washoe, 290 F.3d 1174, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a

25    crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth

26    Amendment's protection against cruel and unusual punishment").  However, with medical care, "the

27    due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes."  Gibson,

28    290 F.3d at 1187.  Therefore, the Court will look to the Eighth Amendment to determine the

4

1  requisite standard of care.

2          C.   Eighth Amendment Protection- Adequate Dental Care

3          The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized

4  standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976), quoting Jackson v.

5  Bishop, 404 F.2d 571, 579 (8th Cir. 1976).  Included in the prohibition of cruel and unusual

6  punishments is a responsibility placed upon prison officials to provide medical care to prisoners.  Id.

7  at 104-05.  In addition, prisoners are entitled to adequate dental care.  Hunt v. Dental Dept., 965 F.2d

8  198, 200 (9th Cir. 2000).  Therefore, as a pre-trial detainee, Plaintiff is entitled to adequate dental

9  care.  See Gibson 290 F.3d at 1187.  To allege a claim arising in the context of inadequate medical

10  care, a plaintiff must point to "acts or omissions sufficiently harmful to evidence deliberate

11  indifference to serious medical needs."  Id. at 106.  A cognizable claim has two elements: "the

12  seriousness of the prisoner's medical need and the nature of defendant's response to that need."

13  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by* WMX

14  Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); see also Jett v. Penner, 429 F.3d 1091,

15  1096 (9th Cir. 2006).

16              1.   Serious medical need

17          A serious medical need exists "if the failure to treat the prisoner's condition could result in

18  further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at

19  1059, quoting Estelle, 429 U.S. at 104.  Indications of a serious medical need include "[t]he

20  existence of an injury that a reasonable doctor or patient would find important and worthy of

21  comment or treatment; the presence of a medical condition that significantly affects an individual's

22  daily activities; or the existence of chronic and substantial pain."  Id. at 1059-60, citing Wood v.

23  Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

24          Plaintiff alleges that he dislodged a partial filling on tooth #19 (Doc 15 at 10).  On July 13,

25  2009, he requested dental services, and Dr. Cheung scheduled an appointment for him on August 9,

26  2008.  Id. at 11.  At that appointment, Dr. Cheung declined to fill the tooth, and instead offered to

27  pull it while citing to county and sheriff department practices, policies, and procedures.  Id.  On

28  September 24, 2008, Plaintiff agreed to have his tooth extracted, but Dr. Cheung refused to do the

5

1   procedure on September 27, 2008, because Plaintiff did not know his trial or release date.  Id.  Dr.

2   Cheung put a filling on Plaintiff's tooth #5 on October 4, 2008, "yet still refuse[d] to treat tooth #19,

3   now claiming that the removal would be grievous due to the tooth's root form, and said tooth was

4   prime for root canal and crown."  Id.  Extraction of tooth #19 continued to be delayed, and Plaintiff

5   was informed that the delays were attributed to faulty equipment.  Id.  As a result, Plaintiff alleges

6   that he suffered continuous pain, an inability to eat, "emotional distress and extreme pain

7   unnecessarily [for] 146 days."  Id. at 11, 19.  Therefore, as the doctor found the tooth "worthy

8   of…treatment" and the tooth caused chronic and persistent pain, Plaintiff has shown that he had a

9   serious medical need.

10                  2.   Deliberate indifference

11          If a pre-trial detainee or prisoner establishes the existence of a serious medical need, he must

12   then show that prison officials responded to that need with deliberate indifference.  Farmer, 511 U.S.

13   at 834.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 291 F.3d 1051, 1060

14   (9th Cir. 2004).  In clarifying the culpability required for "deliberate indifference," the Supreme

15   Court held,

16          [A] prison official cannot be found liable under the Eighth Amendment for denying an
            inmate humane conditions of confinement unless the official knows of and disregards an
17          excessive risk to inmate health or safety; the official must both be aware of facts from
            which the inference could be drawn that a substantial risk of serious harm exits, and he
18          must also draw that inference.

19   Farmer, 511 U.S. at 837.  Therefore, a defendant must be "subjectively aware that serious harm is

20   likely to result from a failure to provide medical care."  Gibson, 290 F.3d at 1193 (emphasis

21   omitted).  Where a defendant should have been aware of the risk of substantial harm but was not,

22   "then the person has not violated the Eighth Amendment, no matter how severe the risk."  Id. at

23   1188.

24          Where deliberate indifference relates to medical care, "[t]he requirement of deliberate

25   indifference is less stringent. . . than in other Eighth Amendment contexts because the responsibility

26   to provide inmates with medical care does not generally conflict with competing penological

27   concerns."  Holliday v. Naku, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing

28   McGuckin, 974 F.2d at 1060.  Claims of negligence or medical malpractice are insufficient to claim

                                                        6

1   deliberate indifference.  Id. at 394; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

2   Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when

3   prison officials deny, delay, or intentionally interfere with medical treatment, or. . .by the way in

4   which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 393-94

5   (9th Cir. 1988).  Moreover, mere differences of opinion between a prisoner and prison medical staff

6   as to proper medical care do not give rise to a § 1983 claim.  See Jackson v. McIntosh, 90 F.3d 330,

7   332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d

8   1337, 1334 (9th Cir.1981).

9        Delays in providing treatment may manifest deliberate indifference.  Estelle, 429. U.S. at

10   104-05.  However, "delay in providing a prisoner with dental treatment, standing alone, does not

11   constitute an Eighth Amendment violation."  Hunt, 965 F.2d at 200, citing Shapley v. Nev. Bd. of

12   State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In addition to the delay, "a prisoner must

13   show he was suffering from such severe dental problems that defendants should have known the

14   delay would cause a substantial risk of harm."  Barry v. Evans, 2009 U.S. Dist. LEXIS 84986, at

15   *17-18 (N.D. Cal. Sept. 16, 2009).

16        In the case at hand, Plaintiff argues that Dr. Cheung continuously delayed treating tooth #19,

17   citing policies and procedures, and then because of faulty equipment.  However, in the meantime,

18   Dr. Cheung treated another tooth #5.  In addition, Plaintiff alleges that the delay of 146 days before

19   treatment caused him to develop chronic pain.  Id.  The factual allegations set forth in the Amended

20   Complaint demonstrate that specific reasons for the delay in extracting tooth #19 that were beyond

21   Dr. Cheung's control, such as the faulty equipment and jail policy.  In Plaintiff's Complaint, which

22   was superceded by the Amended Complaint, he alleged that delays could be attributed to a faulty air

23   compressor, but did not set forth dates that Dr. Cheung began to refuse extraction because of the

24   faulty equipment (Doc. 1 at 10-11).[1]  The Amended Complaint clarifies that Dr. Cheung declined to

25   extract the tooth on October 4, 2010, because "removal would be grievous (sic) due to the tooth's

26   _____

27        [1] Previously, the Court found that Plaintiff stated a claim against Dr. Cheung "for the delay in dental care from
     September 27, 2008 to January 3, 2009." (Doc. 11 at 4).  However, the Amended Complaint has superceded the Complaint,

28   and the Amended Complaint clarifies extraneous circumstances causing Dr. Cheung's delay in extracting Plaintiff's tooth.

root form... [a]nd *further* delays of extracting tooth #19 were attributed to faulty equipment." (Doc. 15 at 11)(emphasis added).

To be deliberately indifferent, Dr. Cheung must have known that Plaintiff "faced a substantial risk of serious harm yet failed to take reasonable measures to abate it." Lopez v. Santoyo, 2010 U.S. Dist. LEXIS 97542, at*38 (S.D. Cal. June 17, 2010). Plaintiff has shown that Dr. Cheung delayed treatment from September 27, 2008, when the extraction should have been performed per the agreement between Plaintiff and Dr. Cheung, and October 4, 2010, when Dr. Cheung declined to treat tooth #19 at all yet treated tooth #5. However, Plaintiff has not established that this delay rose to the level of a constitutional violation imposed with deliberate indifference. See Hunt, 965 F.2d at 200; Gibson, 290 F.3d at 1193. Therefore, Plaintiff has not stated a cognizable claim against Dr. Cheung.

Before Plaintiff can show deliberate indifference on the part of all defendants, he must fulfill the linkage requirement: Plaintiff must link the defendants to the harm that resulted. See Johnson, 588 F.2d at 743. Plaintiff alleges that defendants Cpt. Duncan, Lt. Lloyd, and Larry Kilgore "had a duty, and neglected or failed, to provide Plaintiff with adequate and timely dental treatment, and maintain facilities and equipment in a manner which enables medical staff to provide Plaintiff treatment in a manner consistent with the standards set forth for local detention facilities in California." (Doc. 15 at 19). Notably, Plaintiff does not mention any of the other defendants regarding his claim for inadequate dental care. Plaintiff states that "[c]omplaints, requests, and grievances" were sent to these defendants requesting review of facility policy, informing them of the pain suffered by Plaintiff, and requesting resolution of the equipment problem. Id. at 11. Further, Plaintiff alleges that these requests "were either denied or ignored." Id. However, Plaintiff fails to show that defendants had actual knowledge of his injury and the harm that could be caused by the delay in treatment. Therefore, these defendants were not deliberately indifferent to Plaintiff's need for dental care. See Gibson, 290 F.3d at 1193.

D.  Supervisor liability

Plaintiff alleges that defendants Cpt. Duncan, Lt. Lloyd, and Larry Kilgore "are directly responsible for the administration, operation, and supervision of [the] dental staff and facilities" and

attempts in another manner attempts to make them responsible for his lack of dental care.  (Doc. 15

at 11).  However, there is no respondeat superior liability under § 1983, and the supervisor of an

individual who allegedly violated a plaintiff's constitutional rights is not made liable for the

violation simply by virtue of that role.  <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor

participated in or directed the violations, or knew of the violations and failed to act to prevent them."

<u>Taylor v. List</u>, 880 F.2d, 1040, 1045 (9th Cir. 1989).  As stated above, Plaintiff failed to show that

these defendants had knowledge of the extent of his pain or that further harm would result from

delay in treatment.  Therefore, Plaintiff failed to state a cognizable claim against defendants Cpt.

Duncan, Lt. Lloyd, and Larry Kilgore.

     E.   Federal Rule of Civil Procedure 18(a)

     In addition to his claim of inadequate dental care, Plaintiff has raised claims regarding racial

discrimination, denial of due process regarding his classification status, and denial of outdoor

exercise.  The Court is unable to discern any specific relationship between most of Plaintiff's claims

and declines to summarize and reiterate all of Plaintiff's claims against every defendant.  As the

Court previously informed Plaintiff, his myriad of unrelated claims does not satisfy the requirement

that the claims be related.  Under the Federal Rules of Civil Procedure, claims must be related, and

be based on the same precipitating event, or a series of related events caused by the same event

and/or are alleged against the same defendant.  <u>See</u> Fed.R.Civ.P. 18(a).  Specifically, the Court

noted,

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should
> not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against
> different defendants belong in different suits, not only to prevent the sort of morass [a
> multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay
> the required filing fees for the Prison Litigation Reform Act limits to 3 the number of
> frivolous lawsuits or appeals that any prisoner may file without prepayment of the
> required fees.

Doc. 11 at 7, quoting <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Because Plaintiff filed the

Amended Complaint, the Court reviewed the other alleged claims, and found that once again they are

1   unrelated to Plaintiff's claim concerning his dental care and involve different defendants.[2]

2   Therefore, Plaintiff cannot proceed with these claims in this action.

3   **V.  Findings and Recommendations**

4          Plaintiff's factual allegations, even with the assumption of truth, do not rise to the level of

5   constitutional violations on the part of any Defendant for a Fourteenth Amendment violation of his

6   rights to be free from cruel and unusual punishment and be provided adequate dental care as a

7   detainee.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations

8   must be [sufficient] to raise a right to relief above the speculative level. . . .") (citations omitted).

9   Previously, Plaintiff was offered the opportunity to cure the deficiencies in his complaint.  However,

10  in the Amended Complaint, Plaintiff  failed to raise cognizable claims and to comply with the

11  Federal Rules as he again raised a myriad of claims against different defendants.  Moreover,

12  Plaintiff's factual allegations, clarified from the Complaint, reveal that he is unable to state a claim

13  against Dr. Cheung.

14         Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

15  under Section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of

16  being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. §

17  1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court

18  **RECOMMENDS** that this action be **DISMISSED** in its entirety.

19         These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

21  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

22  twenty-one days after being served with these findings and recommendations, Plaintiff may file

23  written objections with the court.  Such a document should be captioned "Objections to Magistrate

24  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

25  the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

26

27         [2] Plaintiff raised an additional claim regarding his classification status against defendants Cpt. Duncan, Lt. Lloyd, and Larry Kilgore.  However, this claim was not related to the claim of inadequate dental care.  Moreover, Plaintiff is informed that the Ninth Circuit has held that "a prisoner has no constitutional right to a particular classification status." Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).

28

1    F.2d 1153 (9th Cir. 1991).

2

3    IT IS SO ORDERED.

4    Dated:   **November 9, 2010**                                              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28