UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHEUNG,<br><br>　　　　　　Defendant. | **Case No.  1:09-cv-00930-AWI-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 47, 50)** |

**I. Background**

Plaintiff, Columbus Allen Jr. II, is a pre-trial detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1986.  Plaintiff filed this action on May 28, 2009 (Doc. 1) and is proceeding on his claims in the First Amended Complaint (Doc. 15) against Defendant Cheung for denial of dental care in violation of the Eighth Amendment (Docs. 31, 34).  Service of this action on Defendant Cheung was ordered on November 5, 2012.  (Doc. 38.)  Defendant Cheung was personally served on September 25, 2013.  (Doc. 52.)[1]  Defendant Cheung filed his Answer to the First Amended Complaint on November 14, 2013.  (Doc. 42.)  On December 9, 2013, Plaintiff filed a motion to strike Defendant's Answer to the First Amended

---

[1] It is noteworthy that the executed summons was not filed until December 26, 2013 -- approximately three months after service was accomplished and after these motions had been fully briefed.  (Doc. 52.)

1

1 Complaint arguing that it is untimely since service by the U.S. Marshall was ordered on
2 Defendant Cheung on November 5, 2012, noting a service deadline of March 8, 2013.  (Doc. 47.)
3 Defendant Cheung filed an opposition to which Plaintiff replied and requested summary
4 judgment.[2]  (Docs. 49, 50.)  Defendant Cheung filed an opposition to Plaintiff's request for
5 summary judgment.  (Doc. 51.)

## II.  Entry of Default

It is true that, in this case, the order issued for the U.S. Marshal to serve Defendant Cheung on November 5, 2012.  (Doc. 38.)  However, it appears that Plaintiff does not understand that the date the order issues for the U.S. Marshal to serve a defendant is not the date a defendant is actually served, but rather is the date that U.S. Marshal first receives the documents to begin attempting to serve a given defendant.  Fed. R. Civ. Pro. 4(c)(3).  Thereafter, the U.S. Marshal will attempt to locate the defendant upon whom service has been ordered and, if located, a waiver of service of summons will be forwarded to the defendant.  Fed. R. Civ. Pro. 4(d).  If the defendant executes the waiver of service of summons, it is thereafter filed with the court.  If the defendant does not execute the waiver of service of summons, personal service will be attempted.  Fed. R. Civ. Pro. 4(e).  If personal service is achieved, an executed service of summons form will be filed in the case.  If the defendant is not located for mailing of the waiver of service of summons or personal service, after three attempts, an unexecuted service of summons form is usually, but not always filed.  The due date for a responsive pleading is dictated by the date a defendant executes the waiver of service of summons, or is personally served -- either of which is reflected in the executed service of summons filed by the U.S. Marshal.  Default is appropriate only where service has been accomplished and a timely responsive pleading is not filed.

There is no evidence in the record that Defendant Cheung ever waived service, or was personally served.  Upon review, the executed service of summons filed by the U.S. Marshal notes service on "Stephanie L. -- Legal Clerk" at 250 E. Hackett Road, Modesto, CA, which is the site of the consolidated Stanislaus County jails (Doc. 52), despite the fact that Defendant Cheung

---

[2] It is noted that Plaintiff seeks entry of default judgment and, in three sentences at the end of his reply, changes his nomenclature to seek summary judgment under Fed. R. Civ. Pro. 56.  (Doc. 50, P's Reply & MSJ, ¶¶ 9, 10.)

no longer worked at that facility. (Doc. 49, D's Opp., 22-5; Doc. 49-1, Varanini Decl., ¶¶ 1. 2.) When this error was communicated to the U.S. Marshal's office, they persisted in maintaining that they had served Defendant Cheung. (Doc. 49, D's Opp., 2:6-11; Doc. 49-1, Varanini Decl., ¶¶ 2, 3.) Service was not accomplished on Defendant Cheung; rather, a law firm that has represented various counties over the years contacted Defendant Cheung's former employer, who then contacted current defense counsel, and indicated that the Stanislaus County jail personnel errantly accepted the documents from the U.S. Marshal's Office. (Doc. 49, D's Opp to Strike, 1:24-2:11.) Despite not having been actually/effectively served, out of an abundance of caution to avoid default proceedings, Defendant Cheung filed an Answer to Plaintiff's First Amended Complaint. (*Id.* at 2:12-17.) Defendant Cheung's voluntary appearance precludes any entitlement to entry of default or default judgment -- particularly given that there is no evidence that he was ever properly served in this case. Fed. R. Civ. P. 55; *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void *ab initio*). Further, default is generally disfavored and cases should be decided on their merits whenever reasonably possible. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001); *Eitel v. McCool*, 782 F.3d 1470, 1472 (9th Cir. 1986). There is no basis in this case to stray from this general rule. Plaintiff's motion to strike Defendant Cheung's Answer to the First Amended Complaint is **DENIED**.

**III.  Summary Judgment**

In his reply, Plaintiff begins by seeking entry of default judgment under Rule 55,[3] but ends seeking summary judgment under Rule 56. (Doc. 50, P's Reply & MSJ, ¶¶ 9, 10.) It appears that Plaintiff does not grasp the distinction between entry of default judgment for a defendant's untimely responsive pleading and entry of summary judgment where there is no triable issue of material fact regarding claims or defenses in a case.

In general, any party may move for summary judgment which shall be granted if the

---

[3] All references are to rules under the Federal Rules of Civil Procedure unless otherwise indicated.

3

movant shows that there is no genuine dispute as to any material fact of a claim or defense and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party must support their position, whether a fact is disputed or undisputed, by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; (2) showing that the materials cited do not establish the presence or absence of a genuine dispute; or (3) that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties in relation to the motion, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

"[W]here the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, <u>Summary Judgment Under the Federal Rules: Defining Issues of Material Fact</u> 99 F.R.D. 465, 487 (1984)). Thus, Plaintiff must demonstrate there is no triable issue as to the cognizable matters alleged in his complaint. *Id*. This requires Plaintiff to establish beyond controversy every essential element of his Eighth Amendment claim. *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Plaintiff's evidence is judged by the same standard of proof applicable at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).

Plaintiff has not submitted any evidence to meet his burden as the moving party, with the burden of proof at trial, to be granted summary judgment on his claims against Defendant Cheung. The only issues that Plaintiff raises bear on the timeliness of the filing of Defendant Cheung's Answer to the First Amended Complaint -- which is properly addressed under Rule 55 for default judgments, not under Rule 56 for summary judgments. Thus, Plaintiff's motion for summary judgment is **DENIED** without prejudice at this time.

///

**IV.  Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to strike Defendant Cheung's Answer to the First Amended Complaint, filed December 9, 2013 (Doc. 47), is **DENIED** with prejudice and Plaintiff's motion for summary judgment, filed on December 23, 2013 (Doc. 50), is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **March 18, 2014**                              **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE