# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>CHEUNG,<br><br>                Defendant. | **Case No. 1:09-cv-00930-AWI-JLT (PC)**<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING RECONSIDERATION OF ORDER TO DENY APPOINTMENT OF COUNSEL**<br><br>**(Docs. 61, 62)** |

        Plaintiff, Columbus Allen Jr. II, is a pre-trial detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 28, 2009 (Doc. 1) and is proceeding on his claims in the First Amended Complaint (Doc. 15) against Defendant Cheung for denial of dental care in violation of the Eighth Amendment between September 27, 2008 and January 3, 2009 (Docs. 31, 34). Plaintiff filed two motions to have counsel appointed to represent him (Docs. 58, 59); both of which were denied (Doc. 61). On May 27, 2014, Plaintiff objected and sought reconsideration of the order denying appointment of counsel. (Doc. 62.) More than the allowable time has lapsed, but Defendants have not filed any opposition. The motion is deemed submitted. L.R. 230(l).

        Federal Rule of Civil Procedure 60(b)(6)[1] allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy

---

[1] While Plaintiff seeks reconsideration under Fed. R. Civ. Pro. 72 (b), his objections/motion for reconsideration are properly considered under 60(b)(6) since the Magistrate Judge Order he objects to was not dispositive.

to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion for reconsideration. Plaintiff objects that, rather than filing two motions to appoint counsel, his second motion (Doc. 59) merely sought to be provided a copy of the list of pro bono attorneys that the Chief Judge is required to administer. (Doc 62, pp. 2-3.) Plaintiff argues that the Chief Judge is required to administer a list of pro bono attorneys under 28 U.S.C. § 1915(e)(1) and cites *Nelson v. Lithograph Pringing*, 728 F.2d 1003, 1005 (8th Cir. 1984) to support his argument. However, rulings from the Ninth Circuit, not the Eighth Circuit, are binding on District Courts within the Ninth Circuit. While this district does maintain contact with counsel who have indicated they may be willing to assist in pro se inmate cases on a pro bono basis, this list is for the Court's use and is not for disclosure and/or dissemination to pro se inmate plaintiffs. Thus, Plaintiff's second motion, in which it is noted he asked for counsel to be appointed, *or* in the alternative for disclosure of the names and addresses on the list, was properly construed as a motion for appointment of counsel.

Plaintiff also objects that the Magistrate Judge abused her discretion by using the wrong standard. (Doc. 62, pp. 4-6.) To this end, Plaintiff argues that, since there is an opinion from the Third Circuit that finds the use of the word "only" to be contrary to "discretionary" that exceptional circumstances are not required to justify appointment of counsel. (*Id.* citing *Tabron v. Grace*, 6 F.3d 147, 155 (3rd Cir. 1993). This Court is in the Ninth Circuit, and while opinions from other circuits may provide guidance on issues that the Ninth has not addressed, they do not take precedence over opinions directly on point from the Ninth Circuit. The Magistrate Judge did not err by relying on *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). None of this shows that the Magistrate Judge's denial without prejudice of Plaintiff's motions for counsel to be appointed was clearly erroneous.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Magistrate Judge's order denying Plaintiff's motions for counsel to be appointed to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motions to have counsel appointed, filed May 27, 2014 (Doc. 62), is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

Dated:   September 4, 2014                                   /s/ signature

SENIOR DISTRICT JUDGE

3