1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHEUNG, DDS, <br><br> Defendant. | Case No.  1:09-cv-00930-AWI-JLT (PC) <br><br> **FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED** <br><br> **(Doc. 63)** <br><br> **OBJECTIONS DUE WITHIN 30 DAYS** |

## I.    Procedural History

Plaintiff, Columbus Allen, Jr., is currently a state prisoner, but brought this action regarding actions that occurred while he was a pretrial detainee.  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 28, 2009 (Doc. 1) and is proceeding on his claims in the First Amended Complaint (Doc. 15) against Defendant Dr. Cheung ("Defendant") for denial of dental care in violation of the Eighth Amendment between September 27, 2008 and January 3, 2009 (Docs. 31, 34).

On August 5, 2014, Defendant filed a motion for summary judgment under Federal Rule of Civil Procedure ("Rule")[1] 56.  (Doc. 63.)  Plaintiff filed his opposition[2] (Doc. 67) to which

_____

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment as required pursuant to *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012), *Wyatt v.*

1

1  Defendant replied (Doc. 69).  The motion has been deemed submitted.  L.R. 230(l).  For the

2  reasons discussed below, it is recommended that Defendant's motion be granted.

3  **II.    Summary Judgment Standard**

4  Any party may move for summary judgment, and the Court shall grant summary judgment

5  if the movant shows there is no genuine dispute as to any material fact and the movant is entitled

6  to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d

7  1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or

8  undisputed, must be supported by (1) citing to particular parts of materials in the record, including

9  but not limited to depositions, documents, declarations, or discovery; or (2) showing that the

10  materials cited do not establish the presence or absence of a genuine dispute or that the opposing

11  party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation

12  marks omitted).

13  Defendants do not bear the burden of proof at trial and in moving for summary judgment,

14  they need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp.*

15  *Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S.

16  317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts

17  to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  *In*

18  *re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323).  This requires Plaintiff

19  to "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty*

20  *Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

21  However, in judging the evidence at the summary judgment stage, the Court may not

22  make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.*,

23  509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

24  inferences in the light most favorable to the nonmoving party and determine whether a genuine

25  issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v.*

26

27  *Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*,
849 F.2d 409 (9th Cir. 1988), in Defendant's motion.  (Doc. 63.)

28

1    *City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted),

2    *cert. denied*, 132 S.Ct. 1566 (2012).  The Court determines *only* whether there is a genuine issue

3    for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se*

4    prisoner.  *See Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010).

5    **III.    Plaintiff's Cognizable Allegations and Claims in the First Amended Complaint**[3]

6         Plaintiff's First Amended Complaint states a claim against Defendant for allegedly

7    constitutionally inadequate dental care.  (Doc. 15.)  Plaintiff's allegations against Defendant are

8    found only on pages ten and eleven of the First Amended Complaint.

9         In the First Amended Complaint, Plaintiff alleges that during some events at the jail, a

10   partial filling in his tooth #19 dislodged and pain ensued.  (*Id.*, at p. 10.)  On July 13, 2008,

11   Plaintiff alleged that he requested dental services as provided by Defendant.  (*Id.* at pp. 10-11.)

12   On July 24, 2008, Defendant offered to fill tooth #19 with which Plaintiff agreed and it was

13   scheduled to take place on August 9, 2008.  (*Id.*, at p. 11.)  On August 9th, Defendant allegedly

14   recanted his offer to fill the tooth because of County and Sheriff Department practices, policies,

15   and procedures.  (*Id.*)  Then Defendant offered to pull the tooth, which Plaintiff declined and

16   insisted on the filling that Defendant previously offered.  (*Id.*)  Defendant's reasoning for denying

17   treatment was "ephemeral and contradictory."  (*Id.*)  On September 24, 2008, Plaintiff did not

18   know his trial or release date.  On October 4, 2008, Defendant filled Plaintiff's #5 tooth, contrary

19   to the policies he cited when he declined to fill tooth #19 on August 9, 2008.  (*Id.*)  Defendant

20   now indicated that tooth #19 could not be removed because of its "root form" and it was "prime

21   for root canal and crown."  (*Id.*)  Defendant did not explain why tooth #19 could/would not be

22   filled as tooth #5 was.  (*Id.*)  Further delays of extracting tooth #19 were attributed to faulty

23   equipment that Defendant claimed was needed to perform the procedure, but was "continuously

24   rendered inoperable after several ineffective repair attempts.  (*Id.*)

25        The Ninth Circuit found that Plaintiff's allegations that Defendant refused for months to

26   _____

27        [3] This is a rendition of the factual allegations upon which Plaintiff's claim against Defendant was found
     cognizable which are presented here for overview purposes only.  Undisputed and disputed material facts are
     discussed where applicable in the following sections.

28                                                    3

1   treat Allen's serious dental problem based on a series of "ephemeral and contradictory" reasons,

2   taken as true and drawing all inferences in Plaintiff's favor, established that Defendant

3   purposefully delayed providing Plaintiff necessary dental treatment and therefore acted with

4   deliberate indifference to Plaintiff's serious dental need.  (*See* Doc. 31. USCA Memo. citing *Hunt*

5   *v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); *Clement v. Gomez*, 298 F.3d 898, 904-05 (9th

6   Cir. 2002).)

7       **A.  Eighth Amendment**

8       To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

9   first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

10  could result in further significant injury or the unnecessary and wanton infliction of pain.  Second,

11  the plaintiff must show the defendants' response to the need was deliberately indifferent."

12  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091,

13  1096 (9th Cir. 2006) (quotation marks omitted)).

14      The existence of a condition or injury that a reasonable doctor would find important and

15  worthy of comment or treatment, the presence of a medical condition that significantly affects an

16  individual's daily activities, and the existence of chronic or substantial pain are indications of a

17  serious medical need.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v.*

18  *Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc.*

19  *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v.*

20  *County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  Defendant does not argue or assert that

21  Plaintiff's dental condition was not a serious medical condition.

22      Deliberate indifference is "a state of mind more blameworthy than negligence" and

23  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer*, 511

24  U.S. at 835 (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference is a high legal standard."

25  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official

26  must not only 'be aware of the facts from which the inference could be drawn that a substantial

27  risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting

28  *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not,

4

1    then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.*

2    (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3    In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a

4    prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680

5    F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may

6    appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

7    may be shown by the way in which prison physicians provide medical care." *Id.* (internal

8    quotation marks omitted).  Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*;

9    *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in

10   'substantial' harm to the prisoner is not necessary.").

11   **IV.    Defendant's Motion[4]**

12   **A.  Defendant's Statement of Undisputed Facts ("DUF")**

13   Defendant submits evidence to support the following purportedly undisputed facts:  that

14   he requested Plaintiff's anticipated release date from the Stanislaus County Jail to enable him to

15   determine if post-release restorative dental care might be available for Plaintiff to help determine

16   if the extraction of tooth #19 should be postponed or proceed (Doc. 63-1, DUF 2; Doc. 63-5,

17   Decl. Cheung, DDS, ¶¶ 5, 6); that on occasions at the Stanislaus County Jail between 9/27/08 and

18   1/3/09 the absence of a dental tool ("hand piece") needed for the extraction of tooth #19, and/or

19   the absence of an operational compressor needed for the extraction resulted in requests for

20   correction of such problems to Stanislaus County and delayed Defendant's ability to extract tooth

21   #19 (Doc. 63-1, DUF 3; Doc. 63-5, Decl. Cheung, DDS, ¶ 6; Doc. 63-6, Decl. Medina, ¶ 7); that

22   the dental care provided for Plaintiff's tooth #19 and the remainder of Plaintiff's teeth from

23   9/27/08-1/3/09 was appropriate, as based upon Defendant's professional dental assessment of

24   Plaintiff's condition (Doc. 63-1, DUF 4; Doc. 63-7, Decl. Beach, DDS, ¶¶ 4A-G); and the care

25

26   _____

     [4] The Court has reviewed Plaintiff's complaint, the motion for summary judgment and the opposition, but

27   declines to exhaustively list every argument presented, every fact recited, and every piece of evidence submitted by
     the parties.  Omission in this order of reference to various arguments, facts, or evidence should not be interpreted by
     the parties as an indication that the Court overlooked that argument, fact, or piece of evidence.

28

1    provided by Defendant does not evidence any failure to provide appropriate dental care and does

2    not reflect any deliberate indifference by Defendant to any of Plaintiff's dental needs.  (Doc. 63-1,

3    DUF 5; Doc. 63-7, Decl. Beach, DDS, ¶ 5).

4        **B. Defendant's Argument**

5        Defendant correctly argues that his evidence shows that he was not deliberately indifferent

6    to Plaintiff's dental condition.  The evidence Defendant submits squarely refutes Plaintiff's

7    allegations that Defendant intentionally failed to treat Plaintiff's #19 tooth.

8        Defendant submitted evidence that he was employed by the State of California at the time

9    in question in this action and that he was only present at the jail two days a week (Doc. 63-5,

10   Decl. Cheung, ¶2), that he would normally triage patients on Thursdays, provide treatment on

11   Saturdays, and that on the days he was not at the prison, if inmates were experiencing pain they

12   could submit a sick call slip to the medical staff who would respond accordingly (*id.*, at ¶3(C)).

13   Defendant's evidence also showed that it was his practice to request information regarding the

14   length of time a patient anticipated being incarcerated at the county jail to ascertain, with the best

15   interests of the patient in mind, whether a patient might be released in a short amount of time so

16   as to be able to obtain restorative care from an outside provider which potentially altered the

17   treatment decisions Defendant made (i.e. he would not extract a tooth if the patient anticipated

18   being released shortly so as to obtain for restorative care such as a root canal and crown

19   placement by an outside provider).  (*Id.*, at ¶5.)  Root canals were not performed at the jail, but

20   Plaintiff could choose to see an outside private dentist for such restorative dental care and

21   treatment if he so desired.  (*Id.*, at ¶¶3(D)-(E).)

22       Plaintiff refused Defendant's offer to extract tooth #19 on both August 9, 2008 and

23   September 25, 2008 and, on the latter of those dates, was receiving pain medication (Motrin) for

24   another medical condition and did not exhibit pain on physical examination of tooth #19.  (*Id.*, at

25   ¶¶ 3(B)-(C).)  Plaintiff subsequently consented to having tooth #19 extracted, but unfortunately it

26   had to be delayed because of broken/non-operational equipment which persisted until Plaintiff

27   was seen in early January of 2009.  (*Id.*, at ¶ 6.)

28       Defendant provided a variety of dental services for several of Plaintiff's teeth.  Defendant's

6

evidence shows that Plaintiff was seen on the following dates, exhibiting the noted condition,

taking medications as noted, and the results of those visits as follows:

-- July 24, 2008 -- he discussed a possible crown placement for Plaintiff's tooth #4 (which

had previously had a root canal) and possible restoration concerning tooth #19

(*id.*, at ¶3(A));

-- August 9, 2008 -- an x-ray revealed that tooth #19 had decay ("carries") to the pulp with

no signs or symptoms of acute infection and that Plaintiff did not desire

extraction at that time (*id.*, at ¶3(B));

-- September 25, 2008 -- Plaintiff wanted tooth #19 filled, there were no signs or

symptoms of acute infection, no pain was elicited to tapping on the tooth,

Plaintiff was taking Motrin for other medical conditions, an x-ray was taken

that continued to show decay to the pulp of tooth #19, the plan was to obtain

an x-ray of Plaintiff's tooth #4 which was bothering him, but Plaintiff again

indicated that he did not want tooth #19 extracted (*id.*, at ¶3(C));

-- September 27, 2008 -- Plaintiff's tooth #4 was x-rayed and found to have "gross carries"

with tooth #5 exhibiting "distal decay,"  tooth #19 was noted as exhibiting no

signs or symptoms of acute infection and Plaintiff needed either a root canal

(which was not a procedure performed at the jail) or extraction, the scope of

routine care in the jail was discussed and Plaintiff was advised "that he could

choose to see an outside private dentist for restorative dental care and

treatment" (*id.*, at ¶3(D));

-- October 4, 2008 -- a temporary filling was placed in tooth #5 and tooth #19 was again

noted as exhibiting no signs or symptoms of acute infection, but Plaintiff was

again advised that he needed either a root canal (which was not a procedure

performed at the jail) or extraction, was advised to use good dental hygiene

and to refrain from candy and sweets, and Plaintiff complained that he had a

history of pain on prior occasions (*id.*, at ¶3(E));

-- November 13, 2008 -- Plaintiff's tooth #13 was sensitive to cold air and positive to

percussion, but had no signs or symptoms of acute infection, and an x-ray
showed that Plaintiff's filling in that tooth was sensitive, Plaintiff reported
"on/off" pain in the vicinity of tooth #19, tenderness was not elicited, but a
"surgical hand piece" needed to extract the tooth was broken, Plaintiff was
given two extra strength Tylenol two times a day for five days, but a sick call
slip could be submitted if his pain persisted (*id.*, at ¶3(F));

-- December 11, 2008 -- Plaintiff exhibited no signs or symptoms of acute infection and
the equipment was "still out," but Plaintiff was placed on the treatment list
"ASAP" once the equipment became available, possibly the next Saturday of
which Plaintiff was advised (*id.*, at ¶3(G));

-- December 18, 2008 -- Plaintiff complained of "on and off pain" in the vicinity of tooth
#19, but was negative for tenderness and swelling of the lymph nodes and had
no signs and symptoms of an acute infection, yet the equipment problems
persisted which Plaintiff was advised of, and he was given a prescription of
Extra Strength Tylenol (two tablets twice a day) from December 19 through
December 25 (*id.*, at ¶3(H));

-- January 3, 2009 -- the equipment was available, Plaintiff's tooth #19 was extracted, and
he was given a prescription of Extra Strength Tylenol (two tablets twice a
day) for five days (*id.*, at ¶3(I)).

Overall, this evidence shows that Defendant was not deliberately indifferent to Plaintiff's
condition concerning his tooth #19. Repeatedly, tooth # 19 was noted as exhibiting no signs or
symptoms of acute infection and pain was not elicited on examination. Pain medication was
prescribed for Plaintiff when needed and he could submit a sick call slip to obtain more from the
medical staff if appropriate in Defendant's absence. Plaintiff's tooth #19 required either extraction
or a root canal with crown placement. Root canals could not be performed at the jail. Plaintiff
did not initially consent to extraction of tooth #19 -- which was the only treatment option

8

Defendant could provide.[5]  Unfortunately, when Plaintiff eventually consented to extraction the "surgical hand piece" which was needed for the procedure was broken.  Equipment problems persisted for over a month.  Tooth #19 was extracted at the first visit after Plaintiff consented that all requisite equipment was repaired and/or properly functioning and pain medication was available until then if Plaintiff needed/desired it.

All of this evidence shows that Defendant was not deliberately indifferent to Plaintiff's dental condition(s).  The Court finds that, as to Plaintiff's claim that Defendant was deliberately indifferent to his serious medical needs, Defendant has met his initial burden of informing the Court of the basis for his motion and identifying admissible evidence to demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that the dispute exists.  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank*, 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

## V.    **Plaintiff's Opposition**

Plaintiff attacks Defendant's motion for summary judgment on a variety of grounds, the most notable of which are discussed, but none of which create a genuine issue of material fact.

---

[5] The Court notes that in *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014), the Ninth Circuit Court of Appeals determined that the prion dentist did not display deliberate indifference to the inmate's dental condition because the resources provided by the prison for the dentists use were insufficient.  *Peralta* condemned the inmate's attempt to impose liability on the individual dentist despite that he could provide only limited dental care.  The Court rejected liability could be imposed and held, "Peralta would have had the jury ignore that there was no money or staff available to treat him immediately, and hold Brooks personally liable for failing to give Peralta care that Brooks would have found impossible to provide." *Id.* at 1083-1084.  In rejecting this proposition, the Court noted, "[T]here simply weren't enough dentists at Lancaster to provide every prisoner with dental care on demand. The ratio of dentists to prisoners was less than half what the state said it should be, there were no office technicians or dental hygienists and, on many occasions, Brooks had no dental assistant. Peralta doesn't argue that Brooks was responsible for these constraints. Nor could he, since Brooks had no control over the budget." *Id.* at 1083.  For the same reasons, the Court here finds that Defendant cannot be held liable for failing to perform a root canal given this procedure was not allowed nor can he be held liable because the prison equipment was inoperable.

1    Plaintiff argues that various of Defendant's statements of undisputed fact should be

2    disregarded as they contradict his affirmative defenses.  (Doc. 67, P's Opp., p. 6.)  However,

3    contradicting an affirmative defense does not create a dispute with statements of undisputed facts

4    that are supported by properly submitted evidence as Defendant's are here.

5    Plaintiff also argues that Defendant violated Rule 26(e) by failing to disclose the people

6    whose declarations were submitted in support of the motion for summary judgment.  (*Id.*, at pp. 9,

7    10, 25.)  Yet, Rule 26, specifically exempts actions brought by prisoners proceeding *pro se* from

8    the required initial disclosures.  Fed. R. Civ. P. 26(a)(B)(iv).

9    Plaintiff also argues that he was deprived of his "right and fair opportunity" to obtain

10    evidence that he needed to adequately oppose Defendant's motion.  (*Id.*, at p. 8.)  However,

11    Plaintiff was notified of the requirements to adequately oppose a motion for summary judgment

12    which included the fact that he could request postponement if facts were not available to him that

13    his opposition required.  (*See* Doc. 63, D's MSJ, pp. 3-4.)  Despite this, Plaintiff did not request

14    postponement of this motion, but instead filed a 220 page opposition -- which in and of itself

15    belies any argument of inability to conduct discovery.  (*See* Doc. 67.)  Further, Plaintiff had over

16    six months to conduct discovery in this case which should have been more than sufficient for him

17    to obtain the information he feels was necessary to adequately oppose Defendant's motion if it

18    existed.  Along a similar tangent, Plaintiff complains of inadequacies in Defendant's responses to

19    discovery that he propounded.  (*Id.*, at pp. 19-22.)  Yet, despite having been advised of the

20    applicable Federal and Local Rules (*see* Doc. 43, Disc. & Sch. O), Plaintiff did not file a

21    discovery motion complaining that Defendant's responses to discovery were deficient and seeking

22    to compel further responses.

23    Plaintiff attacks Defendant's expert witness' qualifications and the basis for his opinions

24    and questions whether Defendant complied with the proper policies and/or procedures.  (Doc. 67,

25    at pp. 6, 7, 23-25.)  However, Plaintiff must do more than attack the credibility of defendants'

26    evidence.  *See National Union Fire. Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983)

27    ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her

28    credibility suffices to avert . . . judgment.").  Plaintiff submitted no evidence to show that he has

any medical/dental training and thus is not qualified to opine on Dr. Beach's qualifications and/or the adequacy of the records he based his opinions on; nor can Plaintiff opine on any of the dental issues involved in this case beyond his own perceptions, but not on scientific, technical, or other specialized knowledge.  (*See* Fed. R. Evd. 701, 702.)  Further, he also did not submit a declaration of any qualified expert witness to attack Dr. Beach's qualifications and the basis of his opinions, or to show the relevance of policies and/or procedures and/or that the care he received from Defendant was negligent, let alone deliberately indifferent to Plaintiff's serious medical/dental need.  In any event, before it can be said that a prisoner's civil rights have been abridged with regard to medical/dental care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  Further, Plaintiff cites to no authority, and the Court finds none, under which Defendant would be liable under section 1983 even if Defendant failed to follow the "policies and procedures," but was not deliberately indifferent to Plaintiff's serious medical need.

Finally, Plaintiff did not submit evidence sufficient to contradict the facts that Defendant asserts are undisputed upon which to establish the existence of a genuine issue of material fact.

While Plaintiff submitted evidence of his worsening dental condition and discussion with Defendant about restorative dental care (Doc. 67, pp. 27-28), Plaintiff did not submit evidence that disputes Defendant's assertion that restorative care (i.e. a root canal) was not performed at the jail (Doc. 63-1, UF #1, p. 1).

While Plaintiff argues that Defendant did not establish whether it was a CDCR policy and/or procedure to inquire as to a patient's release date (Doc. 67, p. 28), Plaintiff did not submit any evidence to dispute that it was Defendant's policy and procedure to ask a patient about their anticipated release date to determine if post-release restorative dental care might be available for Plaintiff to determine if the extraction of tooth #19 should proceed or be postponed, or that it was in any way unreasonable for Defendant to so inquire (Doc. 63-1, UF #2,  pp. 1-2).

Plaintiff did not submit any evidence to dispute that he initially refused to consent to

1  extraction of tooth # 19, but when he consented to extraction, the necessary equipment was not

2  working properly (Doc. 63-1, UF #3, p. 2).  Plaintiff's own evidence supports this as well.  (*See*

3  Doc. 67, pp. 59, 60, 64, 67.)  Yet, in his statement disputing Defendant's undisputed facts,

4  Plaintiff argues that Defendant provided no proof that faulty equipment caused the delay; nor any

5  proof that he wasn't responsible for obtaining repair of faulty equipment.  (Doc. 67, p. 28.)

6  However, Defendant supported this fact with admissible declarations which are more than

7  sufficient proof.  Plaintiff provides mere argument, not evidence, to dispute this fact -- which is

8  not admissible.  (*See id.*)  Plaintiff argues that Defendant failed to prove that he wasn't

9  deliberately indifferent to Plaintiff's pain and failed to prove that Plaintiff could have obtained

10  pain medication for his dental condition from medical staff.  (*See id.*)  However, whether

11  Defendant was deliberate indifferent to Plaintiff's dental condition and pain is not the subject of

12  Defendant's undisputed fact #3, but rather is the subject of this entire motion and Defendant

13  supported his assertion that Plaintiff could have obtained pain medication for his dental condition

14  from medical staff with his own declaration.  (*See* Doc. 63-5, Decl. Cheung, at ¶3(C).)

15         Plaintiff did not submit any evidence to contradict both: (1) that the dental care provided

16  for his tooth #19 and the remainder of his teeth from September 27, 2008 through January 3, 2009

17  was appropriate, as based on Defendant's professional dental assessment of Plaintiff's condition,

18  (Doc. 63-1, UF #4, p. 2); and (2) that the care provided by Defendant did not evidence any failure

19  to provide appropriate dental care and did not reflect any deliberate indifference by defendant to

20  any of Plaintiff's dental needs (Doc. 63-1, UF #5, p. 2).  (*See* Doc. 67, pp. 28-29.)  Rather than

21  submit evidence to contradict these statements, Plaintiff took umbrage with the declaration of Dr.

22  Beach arguing that his declaration should be barred per Rule 37(c) as he was not disclosed as

23  required by Rule 26(e).  However, as previously discussed, Rule 26 disclosures do not apply to

24  actions involving *pro se* inmates, but even if it did, Plaintiff must do more than attack the

25  credibility of Defendant's evidence.  *See National Union Fire. Ins. Co. v. Argonaut Ins. Co.*, 701

26  F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified

27  hope of undermining his or her credibility suffices to avert . . . judgment.").

28         Beyond Defendant's statements of undisputed facts, Plaintiff did not submit any evidence

12

1    to dispute Defendant's evidence and assertion that Plaintiff could have obtained a root canal or

2    other restorative care and treatment from an outside provider.  In fact, Plaintiff's own evidence

3    supports this and that he was advised as much.  (*See* Doc. 67, pp. 59, 60.)  Finally, Plaintiff did

4    not submit any evidence to dispute that he received pain medication from Defendant and was able

5    to submit a sick call slip to medical staff if he needed more medication on days that Defendant

6    was not available.  In fact, Plaintiff's evidence supports this as well.  (*See* Doc. 67, p. 68.)

7            Given all of the above, Plaintiff has not met his burden to establish that a genuine issue as

8    to any material fact exists to defeat Defendant's motion.  *Matsushita*, 475 U.S. at 586.  Plaintiff's

9    request that Defendant's counsel be sanctioned for submitting this motion in bad faith is properly

10   denied.

11   **VII.    <u>Conclusions and Recommendations</u>**

12           Accordingly, this Court finds that based on the facts in this case, Defendant Dr. Cheung

13   has met his burden and should be granted summary judgment.

14           As set forth herein, the Court HEREBY RECOMMENDS that:

15   (1)    Defendant Dr. Cheung is entitled to judgment as a matter of law such that his

16          Motion for Summary Judgment, filed August 5, 2014 (Doc. 63), should be

17          GRANTED;

18   (2)    that Plaintiff's request that defense counsel be sanctioned should be DENIED; and

19   (3)    the Clerk of the Court be directed to enter judgment for the Defendant Dr. Cheung

20          and against Plaintiff.

21           These Findings and Recommendations will be submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

23   **thirty days** after being served with these Findings and Recommendations, the parties may file

24   written objections with the Court.  The document should be captioned "Objections to Magistrate

25   Judge's Findings and Recommendations."

26           The parties are advised that failure to file objections within the specified time may waive

27   the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

28

1   IT IS SO ORDERED.

2       Dated:   **November 26, 2014**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28